UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTER DIVISION

ADAM SCOTT, by and through his legal )
Guardian and Next Friend, DONNA TAYLOR )
)
Plaintiff, )
)
vs. )   Case No. 2:12CV31 HEA
)
ROBERT DAWSON, et al., )
)
Defendants. )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Dawson, Moore, Shivery, Wyatt, Belt and Dwiggins' Motion to Dismiss and/or Strike Plaintiff's Amended Complaint, [Doc. No. 18] and Defendants Adair County Commission, Gary D. Jones and Robert T. Hardwick's Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 20].  Plaintiff opposes the Motions.  For the reasons set forth below, the Motions are granted.

**Facts and Background**

Plaintiff Adam Scott's Amended Complaint alleges that while he was a pre-trial detainee on a felony case out of Adair County, he was released into the custody of Drug Task Officer Mikey Miller.  Miller took Plaintiff, without the authorization of Plaintiff's guardian, to the home he shared with his then wife,

Vickie Scott and despite Plaintiff not having a driver's license, Miller insisted Plaintiff use the vehicle owned by Vickie Scott to go and obtain anhydrous ammonia.  After obtaining the anhydrous ammonia, Plaintiff was subsequently arrested and convicted for the felony of possession of anhydrous ammonia in an unapproved container.  Plaintiff alleges he suffered anhydrous burns on his hands, arms and upper body for acting on behalf of law enforcement in obtaining the anhydrous ammonia.

Plaintiff[1] alleges that he was at all times a pre-trial detainee on a felony stealing case and that he was confined in the Macon County Jail.  During this detention, Plaintiff alleges that Defendant Flennory sexually assaulted Plaintiff, that an unknown Macon Deputy failed to secure the Macon County prisoners to individual cells with reckless disregard for a known and obvious danger.

The Amended Complaint further alleges that while Plaintiff was held on Adair County charges, he was transferred to the Macon County Jail under the authorization of the Adair County Sheriff and was medicated by Macon County Jail personnel, that Defendant Michael Shivery failed to secure the medicated Plaintiff, in an unsecured jail cell and left him unsupervised in an unmonitored jail pod containing Defendant Flennory, a registered sex offender.

---

[1] Although the Amended Complaint refers to Plaintiff frequently as "Cody Lee Walton," the Court assumes that this is a typographical error, and that the Amended Complaint intended to properly name Plaintiff, Adam Scott.

The Amended Complaint claims that Defendants, with the exception of Defendant Flennory, were all acting under color of State law, and that Defendants' actions violated Plaintiff's constitutional rights of equal protection, equal privileges under the Fourteenth Amendment to the U.S. Constitution, and the Missouri Constitution; for refusing or neglecting to prevent such deprivations and for wrongful, intentional, reckless and/or negligent conduct, for failing to provide reasonable protection from violence while in custody, and for deliberate indifference by refusing to take reasonable measures to safeguard pre-trial detainees in their custody from a known substantial risk to his safety and/or for recklessly disregarding a substantial and known risk to the safety and well-being of those persons held in custody with Defendant Flennory.

Plaintiff further alleges that Defendants Wyatt, Belt and Dwiggins and or Macon County Commission and/or Robert Dawson, Sheriff of Macon County, Missouri, Defendant Moore and/or Unknown Macon County Deputy Sheriff either by affirmative acts or omissions, had in place policies, practices, procedures and/or guidelines that violated or led to the violation of the rights of Plaintiff. Plaintiff claims Defendants failed to train, instruct, supervise, control, and discipline the individual law enforcement or corrections officers on a continuing basis, as a result of official policy and/or customs, practices, usages of Defendant Government entity.  Such failures, according to the Amended Complaint, included

failure to routinely secure jail cells housing pre-trial detainees and/or inmates during the overnight hours; failure to segregate pre-trial detainees from post-sentenced prisoners to be delivered to the Missouri Department of Corrections for incarceration upon their sentence, and such failures were the result of deliberate indifference of the policy makers toward the rights of the Plaintiff.

Defendants allegedly acted together in a joint venture, were joint tortfeasors and engaged in a scheme and conspiracy to deny and to deprive Plaintiff of his rights guaranteed by the U.S. Constitution and the laws of the United States and the State of Missouri.

Defendants  Dawson, Moore, Shivery, Wyatt, Belt, Dwiggins, Adair County Commission, Gary D. Jones and Robert T. Hardwick move to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## Discussion

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true.  *Id.*  The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction.  *Id.*  A court confronted

with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570;

accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Adair County Commission, Gary D. Jones and Robert T. Hardwick (the Adair Defendants) urge dismissal initially on the basis of lack of subject matter jurisdiction.  As detailed above, the Amended Complaint alleges that Plaintiff was not protected from an attack which occurred while he was in custody in the Macon County jail.  The Amended Complaint fails to set out how any of the Adair Defendants could have failed to protect an individual who was not in custody in the Adair Jail.  There are no allegations of unconstitutional conduct on the part of any of the Adair Defendants giving rise to Plaintiff's alleged injuries.  Nowhere within the Amended Complaint does Plaintiff indicate in anyway how the alleged misconduct was instituted, carried out or approved by any of the Adair Defendants. Assuming the truthfulness of Plaintiff's allegations, as the Court must on this facial sufficiency challenge, Plaintiff's Amended Complaint is facially insufficient to give rise to a Section 1983 cause of action against the Adair Defendants.  There are no facts alleged to support this Court's jurisdiction over these defendants for Plaintiff's alleged claim.

With respect to Defendants Wyatt, Belt and Dwiggins, the Court agrees that these individuals are entitled to legislative immunity.  The Complaint alleges that individuals were commissioners for Macon County at the time of the occurrence.  The only other allegation contained in the Amended Complaint is that these Defendants, either through affirmative acts or omissions, had in place policies,

practices, procedures, and/or guidelines that violated or led to the violation of Plaintiff's constitutional rights.

Moreover, these Defendants are entitled to assert legislative immunity to the instant claims against them.

> Plaintiff sues each of the Commissioners in his official capacity. In the absence of allegations concerning these defendants' personal involvement in the acts complained of, other than by setting the county's policies through their function as elected county legislators, the Court concludes that all claims against defendants Huckstep, Bock and Younghouse are subject to dismissal based on absolute legislative immunity. *See, e.g., Scott v. Greenville County*, 716 F.2d 1409, 1422 (4th Cir.1983).

*Smith v. Copeland*, 892 F.Supp. 1218, 1225 (E.D. Mo. 1995).

With respect to Defendants Dawson, Moore and Shivery, Plaintiff's Amended Complaint is brought against them in their individual capacity.  Dawson is the Sheriff of Macon County, Missouri.  Moore was the jail administrator for Macon County.  Shivery was a deputy sheriff supervising inmates at the Macon County Jail.

The Amended Complaint makes no allegations against Dawson and Moor other than that they were the Sheriff and Jail Administrator, respectively, at the time of the incident.  Supervisors cannot be held vicariously liable under 42 U.S.C. § 1983.  Rather, Plaintiff must plead that the official, through his own actions violated the Constitutional rights of Plaintiff.

> "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only " 'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.' " *Otey v. Marshall,* 121 F.3d 1150, 1155 (8th Cir.1997) (quoting *Tilson v. Forrest City Police Dep't,* 28 F.3d 802, 806 (8th Cir.1994)); *see also Wever v. Lincoln County,* 388 F.3d 601, 606–07 (8th Cir.2004).(footnote omitted).

*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir 2010).  The Motion to Dismiss Dawson and Moore is therefore well taken.

As to Defendant Shivery, Plaintiff fails to set forth any allegations of how this Defendant violated any of his Constitutional rights.  The sole allegation regarding Shivery is that "he failed to secure the medicated Plaintiff in an unsecured [sic] jail cell and left him unsupervised in secured but unmonitored Jail pod containing Defendant Flennory."  Plaintiff does not assert which Constitutional right was violated by this action and fails to detail how this alleged action rises to the level of a constitutional violation.  Shivery's motion is therefore granted.

Although Plaintiff attempts to allege policies and customs, vague references to such policies and customs are insufficient to state a claim.

> In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Sanders v. City of Minneapolis,* 474 F.3d 523, 527 (8th Cir.2007). If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation. *See City of Canton v. Harris,* 489 U.S. 378, 388-92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights. *See Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *City of Canton,* 489 U.S. at 388-89, 109 S.Ct. 1197

*Vetch v. Bartels Lutheran*, 627 F.3d 1254, 1258 (8th Cir. 2010).

Likewise, because Plaintiff has failed to set forth a cause of action against any of the individual Macon County officers such that their actions would be in accordance with a municipal custom or policy, it goes without saying that Plaintiff cannot state a claim based upon any such policy against Macon County.

## **Conclusion**

Plaintiff's Amended Complaint fails to satisfy the requirements of Rules 12(b)(1) and 12(b)(6), as discussed herein.  The motions therefore are well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dawson, Moore, Shivery, Wyatt, Belt and Dwiggins' Motion to Dismiss and/or Strike Plaintiff's Amended Complaint, [Doc. No. 18], is GRANTED.

**IT IS FURTHER ORDERED** that Defendants Adair County Commission, Gary D. Jones and Robert T. Hardwick's Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 20], is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff will be given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint in accordance with the discussion herein. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Dated this 3rd day of January, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE