UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHER DIVISION

ADAM SCOTT, by and through his legal )
Guardian and Next Friend, DONNA TAYLOR )
)
     Plaintiff, )
)
vs. )  Case No. 2:12CV31 HEA
)
ROBERT DAWSON, et al., )
)
     Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Hardwick, Dawson, Moore, Shively, Clark and Miller's Motions to Dismiss Plaintiff's Second Amended Complaint, [Doc. No.'s 44, 46, 49, and 50]. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are granted.

## Facts and Background

Plaintiff Adam Scott's Second Amended Complaint alleges that while he was a pre-trial detainee on a felony case out of Adair County, he was released into the custody of Drug Task Officer Mikey Miller. Miller took Plaintiff, without the authorization of Plaintiff's guardian, to the home he shared with his then wife, Vickie Scott and despite Plaintiff not having a driver's license, Miller insisted Plaintiff use the vehicle owned by Vickie Scott to go and obtain anhydrous

ammonia. After obtaining the anhydrous ammonia, Plaintiff was subsequently arrested and convicted for the felony of possession of anhydrous ammonia in an unapproved container.

Plaintiff alleges that he was at all times a pre-trial detainee on a felony stealing case and that he was confined in the Macon County Jail. During this detention, Plaintiff alleges that Defendant Flennory sexually assaulted Plaintiff, that an unknown Macon Deputy failed to secure the Macon County prisoners to individual cells with reckless disregard for a known and obvious danger.

The Second Amended Complaint further alleges that while Plaintiff was held on the Adair County case, which was subsequently dismissed with prejudice in his favor , he was transferred to the Macon County Jail under the authorization of the Adair County Sheriff and was medicated by Macon County Jail personnel, that Defendant Michael Shivery failed to secure the medicated Plaintiff, in an unsecured jail cell and left him unsupervised in an unmonitored jail pod containing Defendant Flennory, a registered sex offender.

The Second Amended Complaint claims that Defendants, with the exception of Defendant Flennory, were all acting under color of State law, and that Defendants' actions violated Plaintiff's constitutional rights of equal protection, equal privileges under the Fourteenth Amendment to the U.S. Constitution, and

the Missouri Constitution; for refusing or neglecting to prevent such deprivations and for wrongful, intentional, reckless and/or negligent conduct, for failing to provide reasonable  protection from violence while in custody, and for deliberate indifference by refusing to take reasonable measures to safeguard pre-trial detainees in their custody from a known substantial risk to his safety and/or for recklessly disregarding a substantial and known risk to the safety and well-being of those persons held in custody with Defendant Flennory.

Plaintiff further alleges that Defendants Robert Dawson, Sheriff of Macon County, Missouri, Defendant Moore and/or Macon County Deputy Sheriff Shively, either by affirmative acts or omissions, had in place policies, practices, procedures and/or guidelines that violated or led to the violation of the rights of Plaintiff.  Plaintiff claims Defendants failed to train, instruct, supervise, control, and discipline the individual law enforcement or corrections officers on a continuing basis, as a result of official policy and/or customs, practices, usages of Defendant Government entity.  Such failures, according to the Second Amended Complaint, included failure to routinely secure jail cells housing pre-trial detainees and/or inmates during the overnight hours; failure to segregate pre-trial detainees from post-sentenced prisoners to be delivered to the Missouri Department of Corrections for incarceration upon their sentence; and such failures included using

medically untrained jail personnel to administer prescription medication to inmates in violation of Missouri law, including the code of state regulations, and such failures were the result of deliberate indifference of the policy makers toward the rights of the Plaintiff.

Defendants allegedly acted together in a joint venture, were joint tortfeasors and engaged in a scheme and conspiracy to deny and to deprive Plaintiff of his rights guaranteed by the U.S. Constitution and the laws of the United States and the State of Missouri.

Defendants Hardwick, Dawson, Moore, Shively, Clark, and Miller move to dismiss Plaintiff's Second Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## Discussion

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.* A court confronted with a factual challenge must weigh the conflicting evidence concerning

jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570;

- 5 -

accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' "  *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-

30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Second Amended Complaint alleges that Plaintiff was not protected from an attack which occurred while he was in custody in the Macon County jail.

**Defendant Robert Hardwick**

Hardwick argues that during 2008, Defendant Hardwick was not the Sheriff of Adair County. No claim for actions which took place in 2008 can be stated against him as Sheriff of Adair County.

With regard to the allegations of events that took place in 2010, Plaintiff claims nothing with regard to Hardwick, other than that he was the Sheriff of Adair County, that he was acting under color of state law that "defendants" deprived Plaintiff of his constitutional rights, and that "defendants" failed to train, instruct, supervise, control, and discipline the individual law enforcement or correction officers on a continuing basis, and that "defendants" acted together in a joint venture, were joint tortfeasors, and are jointly and severally liable to Plaintiff, pursuant to a conspiracy to deny Plaintiff of his constitutional rights.

**Defendants Dawson, Moore, Shively[1]**

Defendants claim that the allegations against them are conclusory, and

---

[1] This motion is styled as being brought by Defendants Wyatt, Belt and Dwiggins, as well as Dawson, Moore and Shively. The Second Amended Complaint is not brought against Wyatt, Belt or Dwiggins. Accordingly, these Defendants have already been dismissed from the action.

merely restatements of the elements of the cause of action. These defendants also argue that the complaint is based on vicarious liability which is inapplicable in an action under Section 1983, and that the claims against Moore and Shively should be dismissed as they are entitled to qualified immunity. Also, these defendants claim that portions of Plaintiff's Second Amended Complaint alleges violations of Missouri law and Missouri law cannot serve as the basis of a claim under 42 U.S.C. § 1983.

**Defendant Clark**

Clark argues that the Second Amended Complaint against him is based on the theory of *respondeat superior*, which is not an applicable theory of recovery under 42 U.S.C. § 1983. Additionally, Clark claims that the Second Amended Complaint fails to allege any personal involvement on his part, which is a necessary element of a Section 1983 claim.

Moreover, Clark asserts that Plaintiff has failed to allege sufficient facts to provide him with standing to sue him; that the Second Amended Complaint does not allege any causal connection between Clark and Plaintiff's injuries; that he is entitled to qualified immunity; and that the Missouri law based alleged violations cannot serve to support a Section 1983 claim.

**Defendant Miller**

Miller argues that the Second Amended Complaint against him does not allege any causal connection between Miller and Plaintiff's injuries and that he is entitled to qualified immunity.

In response to the Motions to Dismiss, Plaintiff argues that Missouri Law provides him the necessary basis upon which to bring his actions based on *respondeat superior*. Plaintiff's argument fails. Plaintiff has not alleged anywhere that the supervisory Defendants, *i.e.* Hardwick, Clark and Dawson, had knowledge of any violating conduct.

Without demonstrating notice, Plaintiff cannot establish supervisor or pattern and practice liability in the present case. Mo.Rev.Stat. § 221.020 cannot cure this fatal flaw.

In *Tatum v. Houser*, 642 F.2d 253, 254 (8th Cir.1981), it appears at first blush that strict liability of sheriffs for the conduct of their jailers contemplated by Mo.Rev.Stat. § 221.020 applies to civil rights cases brought under 42 U .S.C. § 1983. This interpretation, however runs contrary to the United States Supreme Court's holding in *Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 691 (1978). The Eighth Circuit has not relied on *Tatum* for over 30 years. Moreover, not only would the imposition of statutorily created respondeat superior liability in a § 1983 case run afoul of *Monell*, but violations of state law rights cannot be

vindicated in a § 1983 action anyway. *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th

Cir.1995).

The Second Amended Complaint makes no allegations against Hardwick,

Dawson,  Moore and Clark  other than that they were the Sheriffs and Jail

Administrator, respectively, at the time of the incident.  Supervisors cannot be

held vicariously liable under 42 U.S.C. § 1983.  Rather, Plaintiff must plead that

the official, through his own actions violated the Constitutional rights of Plaintiff.

> "Because vicarious liability is inapplicable to ... § 1983 suits, a
> plaintiff must plead that each Government-official defendant, through
> the official's own individual actions, has violated the Constitution."
> *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1948, 173 L.Ed.2d
> 868 (2009). Thus, "each Government official, his or her title
> notwithstanding, is only liable for his or her own misconduct." *Id.* at
> 1949. As we have held, a supervising officer can be liable for an
> inferior officer's constitutional violation only " 'if he directly
> participated in the constitutional violation, or if his failure to train or
> supervise the offending actor caused the deprivation.' " *Otey v.
> Marshall,* 121 F.3d 1150, 1155 (8th Cir.1997) (quoting *Tilson v.
> Forrest City Police Dep't,* 28 F.3d 802, 806 (8th Cir.1994)); *see also
> Wever v. Lincoln County,* 388 F.3d 601, 606–07 (8th
> Cir.2004).(footnote omitted).

*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir 2010).  Plaintiff's Second Amended

Complaint fails to set forth any facts, to show that Dawson and Moore had any

notice of any pattern of unconstitutional acts or prior injuries to any inmates. The

Motions to Dismiss Hardwick, Clark, Dawson and Moore is therefore well taken.

Although Plaintiff attempts to allege policies and customs, vague references to such policies and customs are insufficient to state a claim.

> In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Sanders v. City of Minneapolis,* 474 F.3d 523, 527 (8th Cir.2007). If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation. *See City of Canton v. Harris,* 489 U.S. 378, 388-92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights. *See Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *City of Canton,* 489 U.S. at 388-89, 109 S.Ct. 1197

*Vetch v. Bartels Lutheran*, 627 F.3d 1254, 1258 (8th Cir. 2010).

As to Defendant Shivery, Plaintiff alleges that he failed to secure the jail cells, which, in light of Defendant Flennory's previous history of assaulting law enforcement officers, numerous forcible sex crimes, being a registered sex offender and numerous other violent offences, it was deliberately indifferent to the known and apparent risk that Nathaniel Flennory posed to other jail inmates for him not to be secured in his jail cell.  Also, Plaintiff alleges that the medicated

Plaintiff in an unsecured [sic] jail cell and left him unsupervised in secured but unmonitored Jail pod containing Defendant Flennory." Plaintiff does not assert which Constitutional right was violated by this action and fails to detail how this alleged action rises to the level of a constitutional violation. Plaintiff does not set out that Shivery knew of Flennory's history or whether he was aware that Flennory attempted the actions before with other inmates. The "known and obvious danger" of Flennory is insufficient to satisfy the *Twombly* and *Iqbal* standards required to

survive a 12(b)(6) challenge. Shively,'s motion is therefore granted.

Defendant Miller moves to dismiss because Plaintiff's allegations fail to set out a sufficient connection between Plaintiff's injuries and any actions Miller took. Miller is an Adair County officer, thus, any claims Plaintiff makes regarding what took place in Macon County do not state a claim against Miller.

With regard to any malicious prosecution claims Plaintiff is attempting to make regarding Defendant Miller, Miller is correct that the Eighth Circuit Court of Appeals has clearly held that a malicious prosecution claim is not cognizable under Section 1983. *McNees v. Mountain Home, Ark.*, 993 F.2d 1259, 1361 (8th Cir. 1993). Section 1983 only provides a remedy for violations expressly secured by a federal right. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). A malicious

prosecution claim that does not allege a constitutional or federal statutory injury cannot proceed under Section 1983. *Kurz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Plaintiff's Second Amended Complaint does not indicate in any manner how Miller's conduct violates a constitutional right or a federal law such that a malicious prosecution claim under Section 1983 could be made. Thus, Plaintiff has not shown or alleged any facts that show that Miller was personally involved in any violation of the Constitution or federal law.

### Conclusion

Plaintiff's Second Amended Complaint fails to satisfy the requirements of Rules 12(b)(6), as discussed herein. While the Court has previously allowed Plaintiff to amend on two separate occasions, the Court is wary to do so again, however, in light of the Court's duty to allow claims to proceed on the merits, the Court will again allow an amendment. The Court admonishes Plaintiff to heed the discussion above regarding the requirements of stating a claim under 42 U.S.C. § 1983, and advises Plaintiff that failure to do so may result in further denials of amendments based on futility.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Hardwick, Dawson, Moore, Shively, Clark and Miller's Motions to Dismiss Plaintiff's Second Amended

Complaint, [Doc. No.'s 44, 46, 49, and 50], are granted.

**IT IS FURTHER ORDERED** that Plaintiff will be given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint in accordance with the discussion herein. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Dated this 27th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE